Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50118 | **DATE** | 9/13/2004 |
| **CASE TITLE** | Jarl vs. Apria Health | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion to dismiss Count I and Count III. Plaintiff is given 21 days from the date of this order to file an amended complaint as to Count I. The parties are to be prepared, before the magistrate judge on September 17, 2004, at 1:30pm, to discuss the status of any pending action as referred to in defendant's notice of intent to file a motion to dismiss for lack of subject matter jurisdiction.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 9-13-04 date docketed | 17 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 9-13-04 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| LC courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Xandra Jarl, brings this action for damages and other relief pursuant to the False Claims Act, 31 U.S.C. 3729 et. seq. against defendant, Apria Healthcare (actually Apria Healthcare, Inc. according to defendant). Plaintiff alleges defendant "knowingly submitt[ed] false claims" for Medicare payments to the United States Government and "discriminated against plaintiff" by demoting her for "repeatedly inform[ing] other employees of the defendant's "fraudulent billing practices". Defendant moves to dismiss Counts I and III for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 9 (b) and 12(b) (6). Plaintiff, in her response to the motion to dismiss, concedes that Count III should be dismissed. She also requests, alternatively, for leave to file an amended complaint should Count I be dismissed. The court takes the facts from plaintiff's complaint and all reasonable inferences are drawn in plaintiff's favor.

Plaintiff was employed by defendant at the Chicagoland Billing Center located in Machesney Park, Illinois, beginning about July 2000. About June 2003, plaintiff became aware that defendant was billing "various insurance companies, including Medicaid and Medicare" without the assignment of benefits (forms) being signed (by patients). Defendant's computer records show that signed assignment of benefits were received. Defendant received payment for billing where the assignment of benefits had not been signed.

Plaintiff repeatedly informed ten of defendant's employees in various offices, some of whom held management positions, of the billing practices. On one occasion, an employee told plaintiff not to worry about the missing assignment of benefits unless the company was audited. Plaintiff was demoted to an entry level position about September 23, 2003. Plaintiff suffered a dramatic pay decrease and consequently suffered clinical depression and anxiety. Plaintiff took a short-term disability leave. At the expiration of the short-term leave, intolerable working conditions forced plaintiff's resignation.

Plaintiff claims that defendant submitted improper bills for payment to the United States Government in violation of the Federal Claims Act which states any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment of approval" (31 U.S.C. 3729(a)(1)) and any person who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government" (31 U.S.C. 3729(a)(2)), is liable to the United States Government for a civil penalty (31 U.S.C. 3729(a)). Plaintiff further claims that defendant's action to demote plaintiff violated 31 U.S.C. 3730(h) which states that "[a]ny employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section . . . shall be entitled to all relief necessary to make the employee whole."

Fed. Rule Civ. P. 9(b) applies to False Claim Act fraud claims; therefore, the plaintiff's complaint must plead fraud with particularity, alleging in the complaint the "who, what, when where and how". See, e.g., U.S. ex. rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 376 (7th Cir. 2003); U.S. ex. rel. Robinson v. Northrop Corp., 149 F.R.D. 142 (N. D. Ill. 1993). Plaintiff fails to meet this standard.

Plaintiff's identification of who is alleged to be perpetrating the fraud is not adequate. Plaintiff alleges that "employees of defendant's St. Louis facilitate (sic) were manipulating defendant's computer system". Plaintiff does not in any way identify other employees who were allegedly engaged in fraudulent activities. A plaintiff pleading fraud must "reasonably notify the defendants of their purported role in the scheme." Midwest Grinding Co., Inc. v. Spitz, 976 F.2d 1016, 1020 (7th Cir. 1992). "The identity and/or role of the individual employee involved in the alleged fraud must be specified in the complaint, since such information is within the relator's knowledge." Northrop Corp., 149 F.R.D. at 145. Plaintiff may not know the identity of the employees in the St. Louis facility, but plaintiff must be able to identify the role of the employees alleged to have perpetrated fraud. Where the plaintiff does identify employees, they are employees she informed about the billing practices. Plaintiff does not allege these employees engaged in fraud. Plaintiff's response to defendant's motion to dismiss states that naming a "sliver of employees in but one facility" is sufficient to identify the alleged perpetrators of fraud. The court disagrees.

With respect to what the allegedly fraudulent conduct was, plaintiff states that signed assignment of benefits (forms) "are required for proper billing." Plaintiff states that she knows of "65 individuals whose insurance companies were improperly billed" and alleges upon information and belief that "there are hundreds, if not thousands more instances of improper billing." Plaintiff further alleges upon information and belief that employees of defendant's St. Louis facility manipulated defendant's computer system "so that the computer showed that signed [assignment of benefits] had been received and that billing would be proper." Pleadings based on information and belief may be acceptable if the complaint adduces "specific facts supporting a strong inference of fraud" or the conclusion that a fraud has been perpetrated is a reasonable inference from the specific facts pleaded. See Northrup Corp. at 146, citing U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante v. Blue Cross, 755 F.Supp.1055, 1052 (S.D.Ga. 1990). Plaintiff's allegation of what the fraudulent conduct was fails because plaintiff did not plead sufficient facts to identify the circumstances of the fraud. Because the facts pleaded are not specific, the facts do not support a strong inference of fraud which is required for pleadings based on information and belief. While the plaintiff is not required to plead a wealth of evidentiary detail, the court notes that plaintiff's response to defendant's motion to dismiss states that plaintiff "can and will connect her allegations of fraudulent billing specifically to Medicare and Medicaid patients." This statement indicates that plaintiff may have sufficient facts to properly plead the alleged fraud.

Plaintiff identifies the time at which she became aware of the alleged fraud as "during approximately June of 2003", but plaintiff does not allege when the alleged fraud occurred. While "[r]ule 9(b) does not require a plaintiff to provide precise dates and times, down to the nanosecond. . . . [s]imply saying that conduct occurred before or after a specified date is not enough." ABC-NACO, Inc. v. DeRuyter, 1999 U.S. Dist. LEXIS 11025 (N.D. Ill. 1999). The court notes that plaintiff's response to defendant's motion to dismiss states that defendant will learn of exact dates through plaintiff's disclosures and the discovery process. Where plaintiff is aware of exact dates, or at least more precise dates, plaintiff should provide such dates in her complaint.

As to where the allegedly fraudulent activity occurred, the plaintiff's identification of the "St. Louis facilitate" (sic) is adequate for allegations concerning activity at that facility.

Plaintiff's reliance on Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039 (7th Cir. 1999) for pleading requirements is misplaced. Kirksey does not address pleading requirements relative to Rule 9(b). Plaintiff is correct that she need only plead a short statement, in plain English, of the legal claim; however, such statement must contain facts sufficient to support her claim of fraud.

Plaintiff also fails to state a claim upon which relief can be granted. Plaintiff alleges defendant violated the Federal Claims Act, 31 U.S.C. § 3729(a)(1) and (2). Plaintiff does not allege defendant knowingly presented a false or fraudulent claim for payment or approval or that defendant made, used or caused to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the Government. Plaintiff concludes that defendant submitted "improper" bills to Medicare and Medicaid. Plaintiff does not even plead that conduct alleged gives rise to liability under the Federal Claims Act.

For the foregoing reasons, the court grants defendant's motion to dismiss Count I and Count III. Plaintiff is given 21 days to file an amended complaint as to Count I.